1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OHIO SECURITY INSURANCE
COMPANY, et al.,

               Plaintiff(s),

vs.

KATHY GILLESPIE, et al.,

               Defendant(s).

Case No. 2:16-cv-00632-JCM-NJK

**ORDER**

(Docket No. 15)

Pending before the Court is a stipulation extending time for Defendant Gillespie to respond to the complaint and for a 45-day stay.  Docket No. 15.  This an insurance dispute in which Plaintiffs, *inter alia*, seek judicial determination of their rights and duties under various insurance policies held by Defendants.  Docket No. 1 at 10.  As is relevant here, Plaintiffs allege they owe no duty to defend and no duty to indemnify Defendants in an underlying state court action.  *Id*. at 10-13.

Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."  *Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  "In the context of a motion to stay a declaratory relief action brought by an insurer while an underlying action remains pending, courts have outlined several concerns that inform" this analysis:

> The first concern is that by bringing the action for declaratory judgment regarding coverage, the insurer effectively attacks its insured and thus gives aid and comfort to the

claimant in the underlying suit. The second concern is that the suit addressing insurance coverage forces the insured to fight a two-front war, thereby expending its resources fighting both the insurer and the third-party action, which undercuts one of the primary reasons for purchasing liability insurance. The third concern is the real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insure[d] could be collaterally estopped to contest issues in the latter by the results in the former.

*Evanston Ins. Co. v. 70 Ltd. P'ship*, 2014 WL 6882415, *2 (D. Nev. Dec. 5, 2014) (quoting *Federal Ins. Co. v. Holmes Weddle & Barcott P.C.*, 2014 WL 358419, *2 (W.D. Wash. Jan. 31, 2014).

As it pertains to the requested 45-stay, the parties agree that the *Lockyer* factors weigh in favor of staying this action. Docket No. 15 at 3. They further submit that the the underlying action is currently being tried by a jury. *Id.* at 2. Trial commenced on October 25, 2016 and is tentatively expected to conclude by late November 2016. *Id.* The Court finds the relevant considerations favor staying this case for 45 days. Accordingly, the parties' stipulation for extension of the time to respond to complaint and 45-day stay is **GRANTED**. This case is **STAYED** until December 27, 2016. No later than January 9, 2017, Defendant Gillespie is **ORDERED** to file a response to Plaintiffs' complaint.

IT IS SO ORDERED.

DATED: November 9, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge